# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:18CV350-RJC-DSC

| | |
|---|---|
| **RICKY DEWAYNE MILLER,** <br> Plaintiff, <br><br> vs. <br><br> **ANDREW M. SAUL,**[1] <br> **Commissioner of Social** <br> **Security Administration,** <br> Defendant. | **MEMORANDUM AND RECOMMENDATION** <br> **OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #10), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

Plaintiff filed the present action on December 12, 2018. He assigns error to the Administrative Law Judge's failure to consider Listing 12.07 (pseudoseizures). "Plaintiff's Brief in Support … "at 3-6 (document #9-1); "Plaintiff's Response …" at 1-2 (document #12).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

2

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[2] as that term is defined for Social Security purposes. Plaintiff argues that the ALJ erred by failing to consider Listing 12.07 relating to seizures with a psychiatric rather than physical origin. (Tr 17-19). Where a listed impairment is implicated in the medical records,

> [t]he ALJ . . . identif[ies] the relevant listed impairments. He should then . . . compar[e] each of the listed criteria to the evidence of [Plaintiff's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination.

Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The Fourth Circuit has held that such analysis is "[a] necessary predicate to engaging in substantial evidence review." Radford Colvin, 734 F.3d 288, 295-96 (4th Cir. 2013)

The ALJ evaluated Plaintiff's seizure disorder under Listing 11.02 and his mental impairments under Listings 12.04 and 12.06. The pertinent part of the neurological listings, 20

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

C.F.R. Pt. 404, Subpt. P, App. 1, states "[h]owever, psychogenic nonepileptic seizures and pseudoseizures are not epileptic seizures for the purpose of 11.02. We evaluate psychogenic seizures and pseudoseizures under the mental disorders body system, 12.00." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, ¶11.00 H. Pseudoseizures are evaluated under Listing 12.07. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, ¶12.00 B6. The medical records contain evidence of Plaintiff's pseudoseizures. Those seizures are psychiatric in origin. Listing 12.07 was implicated by those medical records. See Wheeler v. Berryhill, No. 1:17CV1074, 2019 WL 1359481 at *10 (M.D.N.C. 2016) ("As such, the ALJ erred by evaluating Plaintiff's pseudoseizures as a strictly physical impairment, rather than as a psychiatric somatoform disorder with physical manifestations").

Remand is necessary for the ALJ to apply the listing criteria to the evidence and determine whether that Listing is met. See Radford, 734 F.3d at 296 (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than the district court mining facts to support or refute ALJ's decision). For that reason, the undersigned respectfully recommends that this matter be remanded for a new hearing.

By recommending remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #10) be **DENIED**; and the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: June 27, 2019

David S. Cayer
United States Magistrate Judge

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).