RICKY DEWAYNE MILLER,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　　　ORDER
ANDREW SAUL, Commissioner of the　)
Social Security Administration,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿)

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 9), Defendant's Motion for Summary Judgment, (Doc. No. 10), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13). The motions are ripe for adjudication.

## I. BACKGROUND

### A. Procedural Background

Ricky Dewayne Miller ("Plaintiff") seeks judicial review of Andrew Saul's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed an application for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on March 26, 2015. (Doc. Nos. 8 to 8-1: Administrative Record ("Tr.") at 80–81.) His applications were denied first on September 10, 2015, (Tr. 80–81), and upon reconsideration on November 16, 2015, (Tr. 110–11). Plaintiff timely filed a request for a hearing on November 24, 2015, (Tr. 156), and an administrative hearing was held by an administrative law judge ("ALJ")

on August 28, 2017, (Tr. 182). Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 11–26.) Plaintiff requested a review of the ALJ's decision, but on November 1, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Having exhausted his administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of his social security claim in this Court.

### B.    Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 14.) To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that his disability began on December 15, 2014 due to physical and mental impairments. (Tr. 220, 222.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 25.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five-steps as follows:

[The ALJ] asks whether the claimant: (1) worked during the purported

---

[1] Under the SSA, 42 U.S.C. § 301 et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to [his] past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).  The claimant has the burden of production and proof in the first four steps.  Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite his limitations.  See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 25.)  In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that Plaintiff suffered from severe physical and mental impairments,[2] and that Plaintiff's impairments did not meet or equal any of the impairments listed in the Administration's regulations.  (Tr. 16–19.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC").  In pertinent part, the ALJ found that Plaintiff

has the [RFC] to perform light work . . . except he must avoid exposure to extreme heat, unprotected heights, and open hazards.  The work cannot require driving or operating heavy machinery.  [Plaintiff] is

_____

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: seizure disorder, obesity, depression, and anxiety.  (Tr. 16.)

limited to simple, routine, and repetitive tasks with occasional public contact and frequent contact with supervisors and coworkers. The work must not require teamwork for task completion and needs to be at a non-production pace.

(Tr. 19.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which he had previously been employed. (Tr. 24.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in his RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 25.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "packer,"[3] "checker,"[4] and "inspector."[5] (Tr. 25.) According to the DOT, all of these jobs involve "light work." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent him from working; consequently, Plaintiff's applications for Title II and Title XVI benefits were denied. (Tr. 25.)

### C.     The M&R

In the M&R, the Magistrate Judge recommended that the Court deny Defendant's Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment, and remand this matter. (Doc. No. 13, at 5.) The Magistrate Judge determined that Plaintiff's medical records contained evidence of Plaintiff's

---

[3] DOT 920.685-026.
[4] DOT 221.587-010.
[5] DOT 529.687-058.

pseudoseizures, which implicated Listing 12.07. (Doc. No. 13, at 4.) The ALJ, however, did not consider whether Listing 12.07 was met, and instead evaluated Plaintiff's seizure disorder under Listing 11.02. (Doc. No. 13, at 3–4.) Accordingly, the Magistrate Judge determined that an analysis of whether Listing 12.07 is satisfied is necessary to enable the Court to engage in substantial evidence review and recommended that this matter be remanded for further proceedings. (Doc. No. 13, at 4.)

## II.  STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the SSA. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan,

907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Defendant objects that the M&R erred by disregarding the fact that the ALJ

necessarily determined that Listing 12.07 was not satisfied. Defendant contends that the ALJ expressly considered Listings 12.04 and 12.06. Under paragraph B of these listings—as well as under paragraph B of Listing 12.07—a claimant must demonstrate either an extreme limitation of one of the four areas of mental functioning or a marked limitation of two of the four areas of mental functioning (the "Paragraph B Criteria"). 200 C.F.R. Pt. 404, Subp. P, App. 1, Sec. 12.00A.1, 12.00A.2. In determining whether Plaintiff satisfied Listings 12.04 or 12.06, the ALJ concluded that Plaintiff did not satisfy the Paragraph B Criteria. Accordingly, Defendant argues that although the ALJ did not expressly consider Listing 12.07, the ALJ in effect determined that Listing 12.07 was not met because the ALJ determined that the Paragraph B Criteria were not met—which are required to satisfy Listing 12.07. Defendant thus contends that any error in failing to expressly consider Listing 12.07 is harmless.

"The Social Security Administration has promulgated regulations containing listings of physical and mental impairments which, if met, are conclusive on the issue of disability." Radford, 734 F.3d at 291 (quotation marks omitted). "Disability is conclusively established if a claimant's impairments meet all the criteria of a listing or are medically equivalent to a listing." Gore v. Berryhill, No. 7:15-cv-00231, 2017 U.S. Dist. LEXIS 34557, at *18 (E.D.N.C. Feb. 23, 2017), adopted by 2017 U.S. Dist. LEXIS 34283 (E.D.N.C. Mar. 10, 2017). "[T]o determine whether a claimant's impairments meet or equal a listed impairment, the ALJ must identify the relevant listed impairments and compare the listing criteria with the evidence of the

claimant's symptoms." Coaxum v. Berryhill, No. 8:16-cv-01099, 2017 U.S. Dist. LEXIS 88134, at *37 (D.S.C. May 25, 2017). "Where there is ample evidence that a claimant's impairment meets or equals one of the listed impairments, an ALJ has a duty of identification of relevant listed impairments and comparison of symptoms to listing criteria." Flesher v. Colvin, No. 2:14-cv-30661, 2016 U.S. Dist. LEXIS 43085, at *10 (S.D. W. Va. Mar. 31, 2016) (quotation marks omitted), aff'd, 2017 U.S. App. LEXIS 18108 (4th Cir. Sept. 19, 2017). Without a discussion of the relevant listings and a comparison of the claimant's symptoms to the listing criteria, it is impossible for the Court to determine whether substantial evidence supports the ALJ's conclusion. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).

Here, the ALJ evaluated Plaintiff's seizure disorder under Listing 11.02. (Tr. 17.) The regulations provide, however, that "pseudoseizures are not epileptic seizures for the purpose of 11.02. [The Commissioner] evaluate[s] psychogenic seizures and pseudoseizures under the mental disorders body system, 12.00." 20 C.F.R. Pt. 404, Subp. P, App. 1, Sec. 11.00H. Pseudoseizures are evaluated under Listing 12.07. Id. Sec. 12.00B.6. There is ample evidence of Plaintiff's pseudoseizures such that Listing 12.07 was implicated, and the ALJ should have evaluated Plaintiff's pseudoseizures under Listing 12.07. Although the ALJ considered Listings 12.04 and 12.06 and determined that the Paragraph B Criteria were not satisfied, the ALJ appears to have limited consideration of those listings to Plaintiff's mental impairments. (Tr. 17–18.) Without a discussion of Plaintiff's pseudoseizures and a comparison of Plaintiff's symptoms to the criteria of Listing 12.07, including the Paragraph B Criteria, the

Court is unable to determine whether the ALJ's decision at step 3 is supported by substantial evidence. <u>Wheeler v. Saul</u>, No. 1:17cv1074, 2019 U.S. Dist. LEXIS 160336, at *10–11 (M.D.N.C. Sept. 20, 2019) (remanding for further proceedings where the ALJ did not include plaintiff's pseudoseizures in his analysis of the Paragraph B Criteria). Therefore, this matter must be remanded for further proceedings.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;

4. This matter is **REMANDED** for further proceedings consistent with this Order; and

5. The Clerk of Court is directed to close this case.

Signed: December 30, 2019

Robert J. Conrad, Jr.
United States District Judge